IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-02572-RM-KMT

BAYARDO RENO SANDY,

    Plaintiff,

v.

BACA GRANDE PROPERTY OWNERS ASSOCATION,
STEVE CRAIG DOSSENBACK,
MATIE BELLE LAKISH,
DENNIS KEITH ISSELMANN,
CONNIE ESTRADA,
AYLA DANIELLE HOEVERS,
JANE ELIZABETH BROOKS, and
JOANNA B. THERIAULT,

    Defendants.

---

## ORDER

---

This matter is before the Court on the October 21, 2019, recommendation of United States Magistrate Judge Kathleen M. Tafoya (ECF No. 73) to deny Plaintiff's motion for leave to file a third amended complaint (ECF No. 64). The Court denied Plaintiff's motion for leave to file a second amended complaint based on a previous recommendation of the magistrate judge to which Plaintiff did not object. (ECF No. 52.) Plaintiff has filed an objection to the current recommendation (ECF No. 76), and Defendants have filed a response to the objection (ECF No. 90). For the reasons below, the Court accepts and adopts the recommendation, and denies Plaintiff's present motion. The recommendation is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Defendants' motion for summary judgment (ECF No. 81) is also before the Court. The motion has been fully briefed and is ripe for review. (ECF Nos. 87, 94). For the reasons below, the Court grants the motion. Plaintiff's pending motion for sanctions (ECF No. 74) and motion to dismiss (ECF No. 106) are denied as moot.

I.      **LEGAL STANDARDS**

Plaintiff proceeds pro se; thus, the Court must liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

A motion for leave to amend the complaint should be granted when justice so requires. Fed. R. Civ. P. 15(a)(2). A plaintiff seeking to amend his complaint after a scheduling order deadline must also establish good cause for doing so. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the

nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

## II.  BACKGROUND

Plaintiff is a member of Defendant Baca Grande Property Owners Association ("BGPOA"), a covenant protected community. The individual Defendants are affiliated with BGPOA, either as members of the board of directors or as employees. Construction projects in the community require BGPOA approval, and BGPOA covenants provide that "[o]nce construction of improvements is started on any Lot, the improvements must be substantially completed in accordance with the plans, as approved, within 18 months." (ECF No. 94-1 at ¶ 8.) However, the convents further provide that "[e]xtensions of the above time limit for building completion may be approved by" BGPOA in six-month blocks. (*Id.*)

In May 2013, Plaintiff applied for a permit to build a residence on his lot, and BGPOA approved it. Plaintiff was informed that he had eighteen months to complete his project, that site

3

visits would be conducted at six-month intervals, and that extensions were subject to approval by BGPOA. (*Id.* at ¶ 19.) The BGPOA covenants state that a substantially complete building is one "that is completely closed in, windows and outside doors installed, outside walls completed and finished to approved building plans and final roof installed." (ECF No. 82-1 at 17.)

In November 2014, Plaintiff requested, and BGPOA approved, a six-month extension to complete the project.

In April 2015, Plaintiff applied for a permit to add a garage. The parties dispute whether the permit was approved. Plaintiff concedes that he does not have a written permit but nevertheless contends Defendants approved the permit at a May 2015 meeting. He contends that the minutes of the May 2015 were fraudulently altered to reflect that his request was denied. In support of his contention that he had a permit, he argues that his check for $29.30 to pay for the permit was cashed by BGPOA and that BGPOA confirmed the existence of the garage permit in a phone call with the Saguache County Land Use Administrator. According to Defendants, however, the permit was denied, and, although BGPOA cashed Plaintiff's check, that money was later credited back to Plaintiff's BGPOA account.

In June 2015, Plaintiff requested and was granted a second extension on his project until November 2015.

In September 2015, Plaintiff requested a one-year building permit suspension after being involved in a car accident. BGPOA approved the request, suspending the permit from October 2015 to October 2016.

In September 2016, Plaintiff filed a third extension request, which BGPOA approved.

In May 2017, Plaintiff submitted a fourth extension request, which BGPOA initially denied. BGPOA informed Plaintiff that it would reconsider the request if he removed a storage

container from his lot. After Plaintiff did so, BGPOA approved the fourth extension, giving Plaintiff until November 2017 to complete his project.

In November 2017, Plaintiff submitted a fifth extension request. BGPOA denied the request on the grounds that substantial progress had not been made on the project and because the sanitation plan was insufficient. Although Plaintiff was informed about the process for appealing BGPOA's decision, Plaintiff was unable to meet with the appeals panel within the prescribed twenty days because he was out of town. He appeared at a BGPOA board meeting in January 2018 but would not agree to a timeline as to when he would complete his project.

Plaintiff filed his initial pro se complaint in October 2018. In March 2019, he was represented by counsel and, fifteen days past the deadline for amendment of pleadings, sought leave to file an amended complaint. (ECF No. 26.) The Court granted the motion. (ECF No. 37.) The amended complaint filed by Plaintiff's counsel asserts seven claims for relief against BGPOA and the individual Defendants. (ECF No. 27, Am. Compl.) Plaintiff, who identifies as Latino, alleges generally that Defendants discriminated against him by denying him the extensions and permits he needed to complete the construction of his residence, treated him less favorably than other BGPOA members, and "created a state of affairs in which [he] cannot enjoy the benefits of his membership and ownership" (*Id.* at ¶ 4).

Days after filing the amended complaint, Plaintiff's counsel withdrew. Proceeding pro se once again, Plaintiff then filed a motion for leave to file a second amended complaint. (ECF No. 38.) The motion was referred to the magistrate judge, who recommended denying the motion because Plaintiff failed to establish good cause. (ECF No. 48.) After Plaintiff failed to object to the recommendation before the applicable deadline, the Court accepted and adopted the recommendation, and the motion was denied. (ECF No. 52.)

In September 2019, Plaintiff filed a third motion for leave to file an amended complaint. (ECF No. 64.) This motion was also referred to the magistrate judge, who determined that Plaintiff had again failed to offer any compelling reason why he should be given another opportunity to amend his pleadings. The magistrate judge found that Plaintiff had not explained how the proposed complaint would cure the alleged deficiencies of the complaint filed by his former counsel. The magistrate judge found further that Plaintiff did not assert new allegations that could not have been included in his prior pleadings, nor did he provide an adequate explanation for the delay in seeking to amend the complaint again.

Plaintiff objected to the recommendation. Defendants filed a response to the objection and a motion for summary judgment, which has now been fully briefed. Plaintiff has also filed a motion for sanctions and a motion to dismiss.

## III. DISCUSSION

### A. Motion to Amend

Plaintiff's objection to the magistrate judge's recommendation on his third motion to amend does not meaningfully address the basis for the recommendation that it be denied—lack of good cause shown. To begin with, his contention that he relied on his former counsel to meet filing deadlines and to file satisfactory pleadings is not a valid reason for allowing another amendment. *See Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013) (noting that clients are usually bound by their lawyers' actions). Moreover, Plaintiff has not explained how the complaint he proposes to file would cure the alleged deficiencies in the operative complaint. For the most part, the proposed complaint presents cosmetic changes. To the extent it also replaces some claims with others, Plaintiff has made no argument or showing as to why these claims could not have been raised when the complaint was amended previously. *See Husky Ventures,*

*Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (stating that under Fed. R. Civ. P. 16(b)(4), a party seeking to amend cannot cannot establish good cause if it knew of the underlying conduct but simply failed to raise its claims); *see also id.* (stating that good cause obligates the moving party to provide an adequate explanation for any delay). Accordingly, the Court agrees with the magistrate judge's recommendation to deny the third motion to amend.

**B.   Motion for Summary Judgment**

1.   First Claim for Relief

Plaintiff's first claim for relief is against the individual Defendants for tortious interference of contract, breach of fiduciary duty, negligence, fraud, and intentional and negligent interference with economic advantage.[1] Defendants argue that Plaintiff's tortious interference claim fails because such a claim cannot be maintained among parties to the same contract and, at all times relevant to this case, the individual Defendants were agents of BGPOA acting in the scope of their authority. *See MDM Grp. Assocs., Inc. v. CX Reinsurance Co. Ltd.*, 165 P.3d 882, 886 (Colo. App. 2007); *see also Commercial Indus. Constr., Inc. v. Anderson*, 683 P.2d 378, 380 (Colo. App. 1982) ("[S]ince an agent's acts are those of the principal, and a principal cannot be held liable for interference with its own prospective contracts, it is legally impossible to maintain an action for tortious interference with contractual relations against an agent acting within the scope of his authority."). Defendants argue that the same principal precludes Plaintiff's claim regarding intentional and negligent interference with economic advantage.

---

[1] Construed liberally, Plaintiff's allegations appear to assert a claim for breach of contract against BGPOA; however, Plaintiff has consistently taken the position that his first claim is not against BGPOA. (ECF No. 82-4, Sandy Dep. at 60, l. 15; ECF No. 87 at 10.) Therefore, the Court analyzes this claim as against the individual Defendants only.

7

Plaintiff's response does not address these legal principles in a meaningful way, and the Court concludes he has not shown the existence of a genuine issue with respect to his tortious interference claims. He neither makes any specific allegations nor cites any authority that would support a legal theory that the individual Defendants somehow modified the contractual relationship between him and BGPOA. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims for tortious interference with contract and intentional and negligent interference with economic advantage.

Defendants argue they are entitled to summary judgment on Plaintiff's claim for breach of fiduciary duty because he has not adduced any evidence that the individual Defendants failed to act reasonably and in good faith or that they acted arbitrarily. *See Colo. Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718, 724 (Colo. App. 2001); *see also Woodward v. Bd. of Dirs. of Tamarron Ass'n of Condo. Owners, Inc.*, 155 P.3d 621, 624 (Colo. App. 2007) ("A decision by a homeowners' association . . . must be reasonable and made in good faith and must not be arbitrary or capricious." (quotation omitted)). Plaintiff responds by arguing that certain individual Defendants failed to act impartially when they conditioned approval of his fourth extension on his removal of a storage container from his lot, trespassed on his property to take pictures of his foundation and license plates, opposed granting him a fifth extension, and did not fine another BGPOA member who failed to request an extension or substantially complete his house before his permit expired.

The Court finds that Plaintiff has not adduced adequate evidence to establish a genuine issue as to whether any individual Defendants breached a fiduciary duty. He has not shown that Defendants acted unreasonably or arbitrarily by requiring him to remove the storage container from his lot, and he was informed that site visits would be conducted when he applied for his

original permit. He has not shown that any individual Defendants acted arbitrarily by denying him a fifth extension for the project, which began more than four years earlier, based on their determination that he had not made substantial progress or submitted an adequate sanitation plan. And he has not sufficiently alleged that he was similarly situated to another BGPOA member whom he contends was treated more favorably. Under these circumstances, Defendants are entitled to summary judgment on Plaintiff's claim for breach of fiduciary duty.

Further, Plaintiff has not shown how any of the individual Defendants' actions amounted to negligence. Plaintiff's assertion that the individual Defendants negligently enforced BGPOA bylaws is too conclusory to support a claim. Therefore, the Court concludes Defendants are entitled to summary judgment on Plaintiff's negligence claim as well.

Plaintiff's fraud claim is based on allegations that certain individual Defendants altered the minutes from a May 2015 meeting to show that his request for a garage permit was denied, when in fact it had been granted. However, Plaintiff concedes that he doesn't have "the actual permit." (ECF No. 82-4 at 42.) In the absence of an actual permit, Plaintiff's unsupported allegations are insufficient to raise a genuine issue with respect to his fraud claim. Plaintiff concedes that his payment for the permit, though not refunded to him directly, was credited to his account. (*Id.* at 30.) Plaintiff's contention that the Saguache County Land Use Administrator called BGPOA to confirm the existence of such a permit does not support his argument. Indeed, the administrator's letter to Plaintiff states that "[n]o written confirmation was ever received" from BGPOA. (ECF No. 87-4 at 1.) Accordingly, Defendants are entitled to summary judgment on his fraud claim as well.

2. Second Claim for Relief

Plaintiff's second claim for relief is against BGPOA and the individual Defendants for violations of 42 U.S.C. § 1983. "To state a claim for relief under section 1983, a complainant need allege only (1) that some person deprived [him] of a right, privilege or immunity secured by the federal constitution; and (2) that such person acted under color of state law." *Mahaney v. City of Englewood*, 226 P.3d 1214, 1220-21 (Colo. App. 2009). Plaintiff concedes that none of the Defendants is a government entity. (ECF No. 82-4 at 46.) "In order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quotation omitted). Plaintiff has made no such showing here. In the absence of any indication that Defendants acted under color of state law, Defendants are entitled to summary judgment on Plaintiff's § 1983 claims.

3. Third Claim for Relief

Plaintiff's third claim for relief is against BGPOA and the individual Defendants for violation of 42 U.S.C. § 1985(3). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). "[H]owever, § 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (quotation omitted).

Plaintiff asserts that Defendants conspired to trespass on his property and to take pictures of his license plates "in an attempt to fish for violations" (ECF No. 27 at ¶ 171) but fails to allege facts showing that such a conspiracy, assuming that it existed, was motivated by discriminatory animus. The failure to allege any specific act that was motivated by racial animus is fatal to his § 1985(3) claim, and summary judgment for Defendants is appropriate.

    4.    <u>Fourth Claim for Relief</u>

Plaintiff's fourth claim for relief is against BGPOA and the individual Defendants for violation of 24 C.F.R. § 100.7, which prohibits discriminatory housing practices. At his deposition, Plaintiff admitted that the statute "does not apply to this case" and that it was "a mistake" by his former counsel to file this claim. (ECF No. 82-4 at p. 114, l. 22; p. 115, ll. 10-11.) In the absence of any showing or argument that this statute applies here, the Court concludes Defendants are entitled to summary judgment on this claim.

    5.    <u>Fifth Claim for Relief</u>

Plaintiff's fifth claim for relief is against BGPOA and the individual Defendants for violations of 42 U.S.C. § 3617, which states: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." The sections cited pertain to discrimination in the sale or rental of housing, in residential real estate-related transactions, and in the provision of brokerage services. Plaintiff has failed to explain how § 3617 applies to this case, and it is not the Court's role to be his advocate. Therefore, Defendants are entitled to summary judgment on this claim as well.

6. Sixth Claim for Relief

Plaintiff's sixth claim for relief is against BGPOA and the individual Defendants for violations of 42 U.S.C. § 1981, which "center[s] on the protection of contractual rights." *Perry v. Woodward*, 199 F.3d 1126, 1132 (10th Cir. 1999). Defendants argue that "Plaintiff's mere conjecture, subjective belief, and conclusory allegations of racial discrimination are insufficient to state a claim for relief under section 1981" (ECF No. 81 at 20), and the Court agrees. Plaintiff's complaint is devoid of specific facts that could support a § 1981 claim. (*See* ECF No. 27 at ¶¶ 185-189.) In his response, Plaintiff presents only this paragraph in support of this claim:

> The Plaintiff asserts he has the equal rights under the law and under the covenants and contracts with Defendant BGPOA. As a nonprofit Defendant BGPOA is under Colorado Revised Statute Title 7 and as a community association is under CCIOA. As cited on Page 6 of this motion, Member Sptizman and Member Joy Hill are Caucasians and do not suffer the same scrutiny as the Plaintiff.

(ECF No. 87 at 16.) To avoid summary judgment, a plaintiff must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Because Plaintiff does not set forth specific facts to support his claim, summary judgment in Defendants' favor is appropriate.

7. Seventh Claim for Relief

Plaintiff's seventh claim for relief is against BGPOA and the individual Defendants for violations of Colorado's criminal trespass statute and for violation of privacy. Defendants contend that Plaintiff lacks standing to bring a criminal trespass claim. Plaintiff cites no authority to the contrary and appears to concede that this claim was filed by mistake by his former attorney. (ECF No. 87 at 16.) On the current record, the Court discerns no genuine issue with respect to Plaintiff's trespass claims.

Plaintiff's privacy claim is based on allegations that Defendants videotaped his property from an oversized vehicle, a road grader, and that they took pictures of his foundation and license plates, thereby unreasonably intruding upon his seclusion. "[T]o prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998).

Defendants argue that the alleged intrusions cannot be considered offensive by a reasonable person as a matter of law. The Court agrees. Plaintiff cites no authority for the proposition that taking a video from a public road violates a legitimate expectation of privacy that society considers reasonable. *See People v. Hillman*, 834 P.2d 1271, 1273 (Colo. 1992) (en banc). "[I]n general, a curtilage is not protected from observations that are lawfully made from outside its perimeter not involving physical intrusion." *Hoffman v. People*, 780 P.2d 471, 474 (Colo. 1989) (en banc). Thus, there is no genuine issue as to whether the alleged videotaping of Plaintiff's property from the road grader constitutes a violation of his right to privacy.

With respect to Plaintiff's allegation that Defendants took photos of his foundation and license plates, he concedes that he has no direct evidence as to who took the photos that are in his BGPOA file. (ECF No. 82-4 at 5-6.) Defendants respond by arguing that regardless of who took the photos, Plaintiff gave them permission to enter his lot in connection with his building permit. Plaintiff has not shown that he had a reasonable expectation of privacy in his foundation or license plates and does not meaningfully rebut Defendants' arguments. Under the circumstances presented, the Court finds there is no genuine issue of material fact with respect to Plaintiff's

expectation of privacy regarding his foundation and license plates, and therefore Defendants are entitled to summary judgment.

### C. Other Pending Motions

Plaintiff has filed a motion for sanctions (ECF No. 74) and a motion to dismiss (ECF No. 106). Because Defendants have prevailed on their motion for summary judgment, the Court denies these motions as moot.

### IV. CONCLUSION

Therefore, the Court OVERRULES Plaintiff's objection (ECF No. 76), ACCEPTS and ADOPTS the recommendation (ECF No. 73), and DENIES the motion for leave to file a third amended complaint (ECF No. 64). The Court GRANTS Defendants' motion for summary judgment (ECF No. 81) and DENIES AS MOOT Plaintiff's motion for sanctions (ECF No. 74) and motion to dismiss (ECF No. 106). The Clerk is directed to CLOSE this case.

DATED this 5th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge