IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02572-RM-KMT

BAYARDO RENO SANDY,

    Plaintiff,

v.

BACA GRANDE PROPERTY OWNERS ASSOCATION,
STEVE CRAIG DOSSENBACK,
MATIE BELLE LAKISH,
DENNIS KEITH ISSELMANN,
CONNIE ESTRADA,
AYLA DANIELLE HOEVERS,
JANE ELIZABETH BROOKS, and
JOANNA B. THERIAULT,

    Defendants.

---

## ORDER

---

    Plaintiff has filed four post-judgment pleadings in this case: "Plaintiff's Motion for a New Trial and Memorandum in Support" (ECF No. 112), "Plaintiff's Answer on Motion for a Bill of Cost" (ECF No. 115), "Plaintiff's Objection and Seek Review on the Bill of Costs" (ECF No. 122), and "Plaintiff's Motion for Leave to File Supplemental Impeachable Evidence and Transcripts Not Available Before Court Order" (ECF No. 125).  The Court addresses each one in turn.

**I.    MOTION FOR NEW TRIAL**

    On February 5, 2020, the Court granted Defendants' motion for summary judgment and entered final judgment in Defendants' favor.  (ECF Nos. 107, 108.)  Because no trial was held in

this case, Plaintiff's requests for relief under Fed. R. Civ. P. 59(a) are inapposite. Instead, the Court construes Plaintiff's pleading as a motion for relief under Fed. R. Civ. P. 59(e) or 60(b).[1]

Grounds for granting relief under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

Grounds for granting relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018).

---

[1] Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's motion fails to establish any of these grounds for relief. He does not argue there has been any intervening change in the controlling law or offer new evidence that was previously unavailable. Nor has he shown a need to correct clear error or prevent manifest injustice. Instead, Plaintiff makes a slew of baseless assertions—that the Court discriminated against him because he was proceeding pro se, that the Court is a personal friend of Plaintiff's former attorney, and that the Court had an improper motive because it ruled on a motion that had been referred to the magistrate judge. These claims lack merit as no evidence supports them.

Plaintiff also baselessly alleges that the Court did not read his response to Defendants' motion for summary judgment. The Court knows what it read. And the Court stands by its interpretation that the response provides no coherent explanation as to how Defendants could have violated 42 U.S.C. § 3617 in the context of this case.

Plaintiff further baselessly alleges that Defendants wrote the February 5, 2020 order. The Court knows what it wrote. The fact that the Court used the past tense when providing relevant background information is neither remarkable nor evidence of ex parte communications with Defendants' counsel.

Because Plaintiff has not articulated a coherent basis for relief under either Rule 59(e) or 60(b), this motion is denied.

## II.     OBJECTIONS TO BILL OF COSTS

In its final judgment, the Court awarded Defendants their costs and ordered them to file a bill of costs pursuant to D.C.COLO.LCivR 54.1. (ECF No. 108.) After Defendants filed a proposed bill of costs (ECF No. 109), Plaintiff filed an objection (ECF No. 110), and Defendants

filed a reply (ECF No. 111).  Plaintiff then filed his motion for a new trial.  (ECF No. 112.)  After that motion was fully briefed (ECF Nos. 113, 114), Plaintiff filed another pleading (ECF No. 115), arguing that the bill of costs should be dismissed.  However, Plaintiff did not seek leave to file a surreply.  Nor did he confer with Defendants before filing this pleading.  (*See* ECF No. 116 at 2.)  Pursuant to this Court's Civil Practice Standards, "[n]o surreply or supplemental briefs shall be filed without leave of Court, upon motion filed after conferring with the opposing party or parties."  Civ. Practice Standard IV.E.3.  Moreover, "noncomplying motions, responses, replies, objections, or other papers may be denied in whole or in part, or struck by the Court *sua sponte*."  Civ. Practice Standard IV.G.3.  Accordingly, this improper pleading is stricken.

After the Clerk held a hearing on the proposed bill of costs and taxed costs in the amount of $940.80 against Plaintiff, he filed an objection (ECF No. 122), which was followed by further briefing (ECF Nos. 123, 124).  As Defendants point out, Plaintiff's objection does not dispute the reasonableness or the necessity of Defendants' claimed costs.  Plaintiffs' contention that the proposed bill of costs is premature is mistaken.  Pursuant to the Local Rules of Practice in this district, "[a] bill of costs shall be filed . . . no later than 14 days after entry of the judgment or final order."  D.C.COLO.LCivR 54.1.  Plaintiff's contention that the bill of costs is unjust fares no better.  Defendants clearly prevailed in this case, and the magistrate judge's denial of their earlier motion for sanctions was without prejudice.  Nor does Plaintiff cite any authority for the proposition that Defendants cannot recover litigation costs that its insurer might have paid.  Therefore, the Court overrules Plaintiff's objection.

### III.   MOTION FOR LEAVE

Plaintiff's latest motion seeks leave to supplement the record with additional evidence, citing Fed. R. Civ. P. 60(b)(2).

> To be eligible for relief under Rule 60(b)(2), the moving party must show: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering new evidence; (3) the newly discovered evidence was not merely cumulative or impeaching; (4) the newly discovered evidence is material; and that a new trial with the newly discovered evidence would probably produce a different result.

*Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quotation omitted).  The same showing is required regardless of whether the case was dismissed as a result of a trial.  *See id.*

Here, Plaintiff fails to provide any explanation as to why this evidence, with reasonable diligence, could not have been discovered in time to respond to Defendants' motion for summary judgment.  Nor has he shown that the evidence is not merely cumulative or impeaching or that it would probably produce a different result.  Although the evidence includes sworn testimonials from Sagauche County employees that were taken in another case after summary judgment was granted in this one, Plaintiff offers no explanation as to why he could not have obtained their testimony sooner, if in fact it is relevant to this case.  The Federal Rules of Civil Procedure do not permit a plaintiff to perpetually supplement the record with additional evidence after summary judgment has been entered in the defendant's favor.  Under the present circumstances, the motion for leave is denied.

### IV.   CONCLUSION

For the reasons above, the Court DENIES Plaintiff's motion for a new trial (ECF No. 112), STRIKES Plaintiffs improper pleading (ECF No. 115), OVERRULES Plaintiff's

objection (ECF No. 122), and DENIES Plaintiff's motion for leave (ECF No. 125).  This case remains CLOSED.

DATED this 16th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge